UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X
TRUSTEES OF THE LOCAL 7 TILE
INDUSTRY WELFARE FUND,
TRUSTEES OF THE LOCAL 7 TILE
INDUSTRY ANNUITY FUND,                              10CV1882 (RRM) (ALC)
TRUSTEES OF THE TILE LAYERS
LOCAL UNION 52 PENSION FUND,
TRUSTEES OF THE BRICKLAYERS
& TROWEL TRADES INTERNATIONAL                       REPORT AND
PENSION FUND, and TRUSTEES OF                       RECOMMENDATION
THE INTERNATIONAL MASONRY
INSTITUTE,

                Plaintiffs,

    v.

STAR CONSTRUCTION MARBLE
& GRANITE, INC.,

                Defendant.
----------------------------------------------------X

**CARTER, United States Magistrate Judge**:

      The Honorable Roslynn R. Mauskopf referred this matter to me for a Report and Recommendation as to whether the Court should enter a default judgment and issue damages to plaintiffs. Based on plaintiffs' submissions, and for the reasons below, I recommend entering default judgment against defendant Star Construction Marble & Granite, Inc. ("Defendant" or "Star Construction"), but denying damages without prejudice.

BACKGROUND

    Plaintiffs Trustees of the Local 7 Tile Industry Welfare Fund, Trustees of the Local 7 Tile Industry Annuity Fund, Trustees of the Tile Layers Local Union 52 Pension Fund, Trustees of the Bricklayers & Trowel Trades International Pension Fund, and the Trustees of the

1

International Masonry Institute ("Plaintiffs" or "Funds") filed this action on April 27, 2010, alleging violations of § 301 of the Labor Management Relations Act of 1947 ("Taft-Hartley Act") 29 U.S.C. § 185, and of sections 502(a)(3) and 515 of the Employee Retirement Income Security Act, 29 U.S.C. §§ 1132, 1145 ("ERISA").  The complaint ("Complaint") alleges that Defendant failed to make certain contributions to the Funds, mandated by ERISA and a collective bargaining agreement ("CBA").  Defendant was properly served but failed to answer or move in any regard with respect to the Complaint.  On June 21, 2010, Plaintiffs moved for entry of a default judgment, after which the motion was referred to me.  On July 6, 2010, Plaintiffs moved to withdraw the motion, citing the progress of settlement negotiations.  I granted the motion and set August 16, 2010 as the date by which Plaintiffs had to file a stipulation of dismissal.  That deadline was pushed back twice, on Plaintiffs' motion, based on Plaintiffs' continued representation that settlement was on the horizon.  In granting the second extension of time, I instructed Plaintiffs that they either needed to file a stipulation of dismissal or renew their motion for default, since Star Construction had yet to formally appear in the action.  Plaintiffs complied and submitted their renewed motion for default judgment on October 15, 2010.  The renewed motion requested approximately $37,000 more in damages, consisting principally of an increase in delinquent contributions allegedly brought to light by a repeat audit conducted during the pendency of this litigation, and an increase in attorneys' fees.  (Compare Docket No. 4 at ¶ 8 with Docket No. 11.)

I.   *Liability*

On a motion for default judgment, the Court takes the well-pleaded allegations of the Complaint as true.  Greyhound Exhibitgroup v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d

Cir. 1992); Cablevision Sys. of New York City Corp. v. Torres, No. 02 CV 7602 (AJP), 2003 WL 22078938, at *3 (S.D.N.Y. Sept. 9, 2003). "The court is to exercise sound judicial discretion" in determining whether the entry of default judgment is appropriate. Baidan v. Brandaid Comm. Corp., No. 03CV2424 (DC), 2004 WL 1933573, at *2 (S.D.N.Y. Aug. 30, 2004). In considering a motion for default judgment, the court will treat the well-pleaded factual allegations of the complaint as true, and the court will then analyze those facts for their sufficiency to state a claim." Telequip Corp. v. Change Exch., No. 01 CV 1748 (FJS)(GJD), 2004 WL 1739545 (N.D.N.Y. 2004).

Here, the Complaint alleges that Defendant and the Tile Setters and Tile Finishers Union of New York and New Jersey, Local Union No. 7 of the International Union of Bricklayers and Allied Craftworkers (the "Union") are parties to a CBA obligating Star Construction, an employer under ERISA, to make certain contributions into multiemployer welfare and pension funds. The Complaint alleges that Defendant was obligated to provide contributions to the Funds. The contributions were to be calculated on the basis of the number of hours of service performed by employees. According to the Complaint, the Funds conducted two audits revealing Defendant's delinquencies in the amount of $4,197.21 and $56,277.75, respectively. In Plaintiffs' renewed motion for default judgment, the latter amount was increased to $103,364.88 following the repeat audit, discussed supra.

The Taft-Hartley Act vests the Court with jurisdiction over civil actions for violations of contracts between an employer and a labor organization that affect commerce. See 29 U.S.C. § 185. Additionally, ERISA vests the court with jurisdiction over civil actions brought by fiduciaries of employee benefit plans to enforce provisions of such plans. See 29 U.S.C. §§ 1002(21), 1002(37); 1132(d)(1). Contributions due under a CBA must be made according to the

3

terms of the agreement. See 29 U.S.C. § 1145.  Under 29 U.S.C. § 1132(g), an award, if rendered, shall include interest, liquidated damages and fees and costs.  The Complaint successfully alleges the application of these terms to the instant dispute and the Court finds a valid basis to establish Defendant's liability.

II.   *Damages*

In evaluating a motion for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2), the Court must accept as true the well-pleaded allegations in the complaint. See Credit Lyonnais Sec. (USA), Inc. v. Alcantara, 183 F.3d 151, 154-5 (2d Cir. 1999).  The same is not true with respect to damages.  "[T]he district court cannot simply rely on the plaintiff's statement of damages; there must be a basis upon which the court may establish damages with reasonable certainty."  House v. Kent Worldwide Machine Works, Inc., No. 09 CV 146, 2010 WL 10020, at * 1 (2d Cir. Jan. 4, 2010).  "The quantum of damages [is] to be established by proof unless the amount is liquidated or susceptible of mathematical computation."  Flaks v. Koegel, 504 F.2d 702, 707 (2d Cir. 1974).  Proof of damages must therefore be based on admissible, authenticated evidence.  House, 2010 WL 10020, at *1 (collecting cases).

In this case, Plaintiffs' attorney submitted an affirmation attached to documents purporting to calculate Defendant's liability.  Specifically, the affirmation is accompanied by, inter alia, copies of three audits dated January 4, 2010, March 4, 2010 and August 27, 2010, but alleges no personal knowledge of the documents on which these audit reports were based and does not bear the sworn imprimatur of the custodian of these documents.  (Wong Aff. Exs. B-D.)  "The absence of an affidavit by a person with actual knowledge of the facts, supported by appropriate documentation, deprives the court of the ability to make an independent assessment of the

damages to be awarded." LaBarbera v. Rockwala, Inc., No. 06 CV 6641 (CPS) (VVP), 2007 WL 3353869, at *6 (E.D.N.Y. Nov. 8, 2007) (denying application for damages in ERISA action where only submission in support thereof was attorney affirmation) (citation omitted); Haines v. Cayuga Millwork, Inc., No. 06 CV 58 (NAP)(DEP), 2007 WL 2874467, at *3 (N.D.N.Y. Sept. 27, 2007) (introduction, though plaintiffs' counsel, of facts and documents on which plaintiffs' calculation of damages rests is insufficient to require entry of damages). Plaintiffs cannot prove damages based only on an attorney's declaration, especially in this instance, where the attorney's declaration is intended to justify a significant increase in the amount of damages demanded. Moreover, while the third audit resulted in a finding of delinquencies totaling $103,364.88, Plaintiffs' proposed order of default judgment (which presumably covers all three audits along with the fees and costs requested) seeks only $99,745.18. These fluctuations should be explained in a sworn statement by an individual with knowledge of the audit procedures. Accordingly, I recommend denying Plaintiffs' application for damages with leave to renew "upon an appropriate affidavit or affidavits by people with actual knowledge who can properly authenticate the funds' damages and the records." LaBarbera, 2007 WL 3353869, at *6.

III.   *Attorneys' Fees*

In this Circuit, a party seeking attorneys' fees is required to submit records adequate to enable the Court to determine whether the fee is reasonable. See generally New York Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136 (2d Cir. 1983); see also Central New York Laborers' Health and Welfare, Pensions, Annuity and Training Funds v. Five Star Constr. Servs., Inc., No. 09 CV 509 (GTS)(GJD), 2010 WL 2545151, at *3 (N.D.N.Y. Jun. 18, 2010). "A party seeking an award of attorney's fees bears the burden to document 'the hours reasonably spent by

5

counsel, and thus must support its request by providing contemporaneous time records reflecting, for each attorney and legal assistant, the date, the hours expended, and the nature of the work done.'" Sheet Metal Workers Nat'l Pension Fund v. Skye Sheet Metal, Inc., No. 08 CV 1315 (DRH) (AKT), 2010 WL 3119783, at *9 (E.D.N.Y. Jun. 22, 2010). Then, the Court must determine the reasonableness of the fee, considering, among other factors, the time and labor required, the complexity of the case, awards in similar cases and the experience and reputation of the attorneys. See, e.g., Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany County Bd. Of Elections, 522 F.3d 182, 183-4 (2d Cir. 2008). "When an attorney's requested hourly rate is higher than rates found to be reasonable in the relevant market, it is within the Court's discretion to reduce the requested rate." Trustees of the Mason Tenders Dist. Council Welfare Fund, Pension Fund, Annuity Fund and Training Prog. Fund v. Stevenson Contracting Corp., No. 05 CV 5546 (GBD) (DF), 2008 WL 3155122, at *10-11 (S.D.N.Y. Jun. 19, 2008).

Here, Judy Wong ("Wong"), counsel for Plaintiffs, filed a declaration in support of the motion for fees, to which timekeeping records for the two attorneys and two paralegals are attached. Wong's firm charged $200 per hour for her services, as well as $200 for those of Myriam Elamraoui, another attorney who billed hours on this case. Wong is a 1997 law graduate with extensive ERISA experience and Elamraoui is a 2009 graduate. The firm charged $90 per hours apiece for the services of the two paralegals assigned to the matter. I find these amounts to be reasonable hourly rates and also find that the 15.9 total hours billed by the firm to be within a reasonable range for an ERISA-based default judgment action, particularly since Plaintiffs had to update and re-file their motion while negotiating with the Funds in the interim. See Finkel v. Triple A Group, Inc., 708 F. Supp. 2d 277, 290-1 (E.D.N.Y. 2010) ($200-225 per hour a

reasonable fee in ERISA action resolved on motion for default judgment); Finkel v. Jones Lang LaSalle Americas, Inc., No. 08 CV 2333 (RRM) (RML), 2009 WL 517869, at *5 (E.D.N.Y. Dec. 30, 2009) (finding reasonable a $225-235 hourly fee for associates); Teamsters Local 814 Welfare Fund v. Dahill Moving & Storage Co., No. 07 CV 2005 (CPS), 2008 WL 552860, at *7-8 (E.D.N.Y. Feb. 27, 2008) (approving fee of $250 per hour for senior associate with 13 years ERISA experience); see also Weather v. City of Mount Vernon, 08 CV 192 (RPP), 2011 WL 2119689, at *4 (May 27, 2011) ($125 per hour rate reasonable for paralegal services). Therefore, attorneys' fees should be awarded in this action.

## CONCLUSION

For the foregoing reasons, I make the following recommendations:

(1) Plaintiffs' motion for default judgment as to liability should be granted;

(2) Plaintiffs' motion for damages should be denied with leave to renew upon proper application, including certificates of service;

(3) While Plaintiffs have demonstrated their entitlement to attorneys' fees and costs in the amount requested, I recommend holding the motion in abeyance until the entry of a judgment incorporating all amounts due.

Pursuant to 28 U.S.C. § 636(b)(1) and Rules 6 and 72 of the Fed. R. Civ. P., the parties shall have fourteen (14) days from this date to file written objections to the Report and Recommendation. Such objections shall be filed on ECF and directed to the assigned District Judge. Failure to file timely objections will preclude appellate review of any order of judgment that will be entered.

DATED: September 6, 2011  _____/s/_____
       Brooklyn, New York        Andrew L. Carter, U.S.M.J.