UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
TRUSTEES OF THE LOCAL 7 TILE
INDUSTRY WELFARE FUND, et al.,

                Plaintiffs,

    - against -

STAR CONSTRUCTION MARBLE &
GRANITE,

               Defendant.
------------------------------------------------------------X

**ORDER**
10-CV-1882 (RRM)(ALC)

**ROSLYNN R. MAUSKOPF, United States District Judge.**

By motion filed October 15, 2010, plaintiffs moved for default judgment against defendant alleging failure to contribute to pension funds as required by the Employee Retirement Income Security Act, 29 U.S.C. §§ 1132, 1145, and the governing Collective Bargaining Agreement.  (Doc. No. 11.)  By Order entered October 15, 2010, this Court referred that motion to the assigned Magistrate Judge, the Honorable Andrew L. Carter, for a Report and Recommendation.[1]  On September 6, 2011, Judge Carter issued a Report and Recommendation (the "R&R") (Doc. No. 12) recommending that plaintiffs' motion be granted with respect to liability, and denied with respect to damages, without prejudice to renew upon further application accompanied by an affidavit explaining plaintiffs' fluctuating damage requests and other discrepancies, based on the personal knowledge of the affiant.[2]  (R&R at 4–5, 7.)  Judge

---

[1] As more fully explained in the R&R, plaintiffs initially moved for default judgment on June 21, 2010, voluntarily withdrew the motion citing settlement discussions, and ultimately submitted the renewed instant motion for increased damages on October 15, 2010.  (*See* R&R at 2.)

[2] Namely, plaintiffs' attorney Judy Wong submitted a sworn declaration with three audit reports attached, but Wong's declaration does not allege personal knowledge of the documents on which the audit reports were based, nor does it bear the sworn imprimatur of the custodian of the documents.  (*See* R&R at 4; Wong Decl. (Doc. No. 11-2) ¶¶ 5–11.)  Moreover, the second motion for default judgment requests a significant increase in damages, and the second damages request itself is for an amount less than the total delinquencies requested in the March 2010 audit.  (*Compare* Pls.' Mot. for Default J. at 1–2 *with* Wong Decl. Exs. C–D.)

Carter also recommended that plaintiffs be found to have demonstrated their entitlement to attorneys' fees, but recommended that plaintiffs' motion for attorneys' fees be held in abeyance until the entry of a judgment incorporating all amounts due. (R&R at 6–7.) Judge Carter reminded the parties that, pursuant to Rule 72 of the Federal Rules of Civil Procedure, any objection to the R&R was due within 14 days of the date of entry of the R&R. No party has filed any objection.

Pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72, the Court has reviewed the R&R for clear error and, finding none, concurs with the R&R in its entirety. *See Covey v. Simonton*, 481 F. Supp. 2d 224, 226 (E.D.N.Y. 2007).

Accordingly, plaintiffs' motion for default judgment is GRANTED with respect to liability only, and DENIED with respect to damages and attorneys' fees, without prejudice to renew upon a showing consistent with the R&R. Any application for damages and fees shall be filed by October 7, 2011, and shall be supported by proper documentation.

SO ORDERED.

Dated: Brooklyn, New York
       September 23, 2011

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge